**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-927C

(Filed: March 18, 2015)

(Unpublished)

**FILED**

MAR 18 2015

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| YURIY GLEBOVYCH KOCHUBEY, | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

Plaintiff Yuriy Glebovych Kochubey filed this complaint on September 23, 2014 seeking $10 million in damages for physical and emotional harm resulting from the Government's use of the name "United States of America." Pl.'s Compl., Dkt. No. 1. He also requested that this Court issue an order to Congress to amend the United States Constitution to change the United States' name to the "Union States of Amerigo" or the "Union of 50 States." On November 21, 2014, the Government filed a motion to dismiss Mr. Kochubey's complaint for lack of subject matter jurisdiction as this Court does not have jurisdiction over tort claims. Def.'s Mot. to Dismiss, Dkt. No. 6. The Court agrees. For the reasons set forth below, the Government's motion is GRANTED.

## Factual Background

Mr. Kochubey is a resident of Ukraine and filed the complaint here on September 23, 2014. See Pl.'s Compl. at 1. In his complaint, Mr. Kochubey alleges that he is a "disabled person of group II of general illness" which was caused, or partially caused, by the naming scheme decided during the Second Continental Congress on November 15, 1777 and ratified during the Constitutional Convention on September 17, 1787, to join the thirteen colonies into a union called "the United States of America." See Pl.'s Compl. at

2-3. According to Mr. Kochubey, the name "United States of America" insults and slanders the name of the Italian explorer, Amerigo Vespucci for whom the American continents were named. By slandering Mr. Vespucci's name, Plaintiff claims it affected his mental and physical health and ultimately resulted in his disability. See id. at 2-3. Mr. Kochubey now seeks $10 million for physical and emotional harm and an order by the Court to Congress to amend the United States Constitution to change the name of the United States of America to either "the Union States of Amerigo" or the "Union of 50 States." The Government moved to dismiss Mr. Kochubey's complaint for lack of subject matter jurisdiction on November 21, 2014.

## Discussion

### I.      Standard of Review

Before the Court can proceed to hear the merits of a case, jurisdiction must be established. Nasharr v. United States, 105 Fed. Cl. 115, 117 (2012). A party can properly raise lack of subject matter jurisdiction under a Rule 12(b)(1) motion to dismiss. See Crewzers Fire Crew Transp., Inc. v. United States, 111 Fed. Cl. 148, 153 (2013) ("A challenge to the United States Court of Federal Claims' general power to adjudicate in specific areas of substantive law . . . is properly raised by a Rule 12(b)(1) motion"). In deciding such a motion, the Court accepts as true the "complaint's undisputed factual allegations and construes the facts in the light most favorable to the plaintiff." All Fla. Network Corp. v. United States, 82 Fed. Cl. 468, 472 (2008). "The party asserting jurisdiction bears the burden of proof by a preponderance of the evidence." Id. Even a *pro se* plaintiff must affirmatively establish the Court's jurisdiction; jurisdictional failures are not excused. See, e.g., Duncan v. United States, 98 Fed. Cl. 318, 324 (2011) ("*pro se* plaintiffs are not excused from their burden of proving, by a preponderance of the evidence, that the court possesses jurisdiction"); see also Nasharr, 105 Fed. Cl. at 117 (explaining "the filings of *pro se* plaintiffs receive less leniency vis-à-vis jurisdictional requirements").

### II.     Subject Matter Jurisdiction

"The jurisdiction of the United States Court of Federal Claims is established by the Tucker Act." Visconi v. United States, 98 Fed. Cl. 589, 592 (2011). The Tucker Act waives the United States' sovereign immunity for "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The plain language of the Tucker Act and the well-established precedent of the Court make it clear that the Court does not have jurisdiction to entertain tort claims.

See Ogden v. United States, 61 Fed. Cl. 44, 48 (2004) ("[i]t is well established that the Court of Federal Claims lacks jurisdiction over cases sounding in tort"); see also Salman v. United States, 69 Fed. Cl. 36, 38 (2005) ("The court lacks jurisdiction because [t]he Tucker Act expressly provides that the United States Court of Federal Claims shall have jurisdiction . . . in cases not sounding in tort"). The character of the underlying dispute determines whether "an action sounds in tort," Ogden, 61 Fed. Cl. at 48, and claims of physical injury and emotional distress are typically characterized as tort claims, see Dumonde v. United States, 87 Fed. Cl. 651, 653 (2009) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)); see also Hernandez v. United States, 96 Fed. Cl. 195, 203-04 (2010) (noting plaintiff raised allegations of "physical and mental pain, [and] emotional distress" and holding that the Tucker Act expressly excluded the Court from having jurisdiction over such claims).

Here, Plaintiff asserts that the Government's use of the name "United States of America" caused his disability by negatively affecting both his mental and physical health. See Pl.'s Compl. at 3 (stating "[t]hese all make a big influence on my mental and physical . . . health, and that's why I became [a] disabled person of group II general illness"). Such assertions of physical and emotional harms are tort claims. See Dumonde, 87 Fed. Cl. at 653. As the Tucker Act and this Court's precedent make clear, the Court does not have jurisdiction over tort claims. See Ogden, 61 Fed. Cl. at 48. Finally, even if this Court had jurisdiction over Mr. Kochubey's tort claims, which it does not, it could not order Congress to amend the Constitution to change the United States of America to "The Union States of Amerigo" or "Union of 50 States." See, e.g., Gravatt v. United States, 100 Fed. Cl. 279, 288 (2011) (noting "[t]he court . . . lacks jurisdiction to grant . . . equitable relief in the absence of a money judgment in a plaintiff's favor"). Accordingly, Mr. Kochubey's complaint must be dismissed.

## Conclusion

For the foregoing reasons, the Government's motion to dismiss is GRANTED.

IT IS SO ORDERED.

THOMAS C. WHEELER
Judge

3